**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13189

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERT CLARKE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00420-VMC-AEP-1

————————————

Before ABUDU, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Clarke appeals the 24-month prison sentence the District Court imposed following the revocation of his supervised release. Clarke argues that his sentence, an upward variance from the

guideline range, is both procedurally and substantively unreasonable because the District Court failed to properly consider the advisory guideline range and explain the sentence. He also argues that the district court plainly erred by imposing a lifetime term of supervised release following his prison term because it failed to conduct an individualized inquiry into the facts of Clarke's case.

## I.

We apply a deferential abuse-of-discretion standard when reviewing the procedural and substantive reasonableness of sentences imposed upon the revocation of supervised release. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).

## A.

Clarke did not object to his sentence as procedurally unreasonable when the District Court elicited the parties' objections after imposing sentence, so we review its procedural reasonableness for plain error.[1] A district court imposes a procedurally unreasonable sentence in "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly

---

[1] Under plain-error review, Clarke must show that: (1) an error occurred; (2) the error was plain; and (3) it affected his substantial rights. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997). And even if those conditions are met, this Court will not exercise its discretion to correct the error unless it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We find no error here, much less plain error. The District Court touched all of these bases.

### B.

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023) (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015)).

Clarke challenges the substantive-reasonableness of his sentence on the ground that the District Court failed to adequately consider his guideline range. *See* Clarke's brief at 11–14. We are not persuaded. The Court properly calculated Clarke's guideline range, repeated that guideline range during the hearing, said it had considered that range, and acknowledged that Clarke's sentence exceeded that range. And the Court repeatedly made clear that it viewed the guideline range as inadequate for Clarke's fifteen violations: It told Clarke that it was considering a statutory-maximum sentence because it found Clarke's violations "so serious" and "really troubling" and because of his repeated "failure to follow [the court's] rules." It also considered Clarke's "background and his history"—including his prior supervised-release violations and that

he's "still breaking the rules"—and that Clarke's violations involved "doing what he had done before," i.e., accessing pornography and viewing, possessing, and searching for inappropriate images of children. *See United States v. Lavoie*, 724 F. App'x 824, 827 (11th Cir. 2018) (noting that defendant's supervised-release violations involving the use of his mother's computer "to access adult pornography and images of children" was "conduct close[] to that underlying his offense of conviction"—receipt of child pornography). Moreover, it considered the need to protect the public as well as other applicable § 3553(a) factors and the Sentencing Commission's policy statements.

The record shows that the District Court appropriately considered Clarke's guideline range and adequately explained—based on the applicable § 3553(a) factors—why it exceeded that range. Clarke has not shown that his sentence is substantively unreasonable.

## II.

Upon the imposition of a term of imprisonment following the revocation of supervised release, a "court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* In determining whether to impose a term of supervised release,

courts must consider the factors listed in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.* § 3583(c). Accordingly, the factors courts must consider when deciding whether to impose a term of supervised release are as follows: (1) the history and characteristics of the defendant and the nature and circumstances of the offense; (2) the need for the sentence to afford adequate deterrence; (3) the need for the sentence to protect the public; (4) the need for the sentence to provide the defendant with needed vocational training, education, medical care, or other correctional treatment; (5) the kinds of sentence and the sentencing range established for the applicable category of offense and the applicable category of defendant; (6) applicable guidelines or policy statements; (7) pertinent policy statements; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution to any victims. *Id.* § 3553(a)(1), (2)(B)–(D), (4)–(7).

Clarke acknowledges that he did not object to his lifetime term of supervised release. We therefore review his objection here for plain error. Clarke has not shown error let alone plain error. We therefore do not disturb the Court's decision to impose the term.

**AFFIRMED.**